a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL LEE FROST #555375,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01262<br>SEC P |
| VERSUS | JUDGE DRELL |
| UNKNOWN DEFENDANT,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Daniel Lee Frost ("Frost"). Frost is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. Frost seeks an immediate release from incarceration.

Because Frost has not established that he exhausted his claim in state court or alleged that his incarceration is unconstitutional, his Petition (ECF No. 7) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.  Background

Frost alleges that he was convicted of violating two protective orders and sentenced to consecutive four-and-one-half month terms of imprisonment. ECF No. 7 at 1. Frost asserts that he should have received a maximum sentence of six months rather than nine months. *Id.*

Frost filed a motion in the sentencing court complaining that he was being "held in jail illegally." ECF No. 1-2 at 1. The court found that Frost's plea and sentence were valid. *Id.* at 1-2. Frost indicates that he sought review in the Louisiana Supreme Court in May 2022. ECF No. 7 at 12-13. However, it does not appear that the court has issued a ruling.

II. <u>Law and Analysis</u>

Section 2254 provides that a federal court may entertain an application for a writ of habeas corpus on behalf of a person alleging that his custody violates the Constitution or laws of the United States. 28 U.S.C. § 2254. Frost does not allege that his sentence or incarceration are unconstitutional. He only alleges that they are improper under Louisiana law.

Additionally, before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. at 29-32; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

Frost allegedly presented some claim to the Louisiana Supreme Court in May 2022. However, the published jurisprudence does not indicate that any ruling was issued, and Frost has not provided a copy of any ruling from that court. Therefore, whatever claim was presented has not been exhausted.

### III. Conclusion

Because Frost does not establish that his claim is exhausted or allege that his custody is unconstitutional, IT IS RECOMMENDED that his Petition (ECF No. 7) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 14, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE